DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRITNI HIATT,**
Appellant,

v.

**STEVE MATHIEU,**
Appellee.

No. 4D22-1198

[November 9, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Renatha S. Francis, Judge; L.T. Case No. 50-2021-DR-005965-XXXX-MB.

Jean M. Henne of Jean M. Henne, P.A., Winter Haven, for appellant.

Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellee.

**ON APPELLEE'S MOTION FOR REHEARING AND REHEARING EN BANC**

WARNER, J.

The father moves for rehearing arguing that our opinion contains a factual error as to the cost of travel to Belgium which may affect our decision. He also argues that we should recede from the line of cases requiring the child support guidelines scoresheet to be attached to the final judgment. We deny his motion for rehearing and rehearing en banc.

As to the travel expenses, while we quoted from the father's testimony in the transcript where he testified that the cost of a one way ticket to Brussels, Belgium, was $700, he points to other places where he testified that the cost was $700 round trip. Of course, the cost of airline travel is a moving target. It is common knowledge that the price of an airline ticket is volatile and changes depending upon how soon before a trip a flight is booked or the time of year that a trip is taken. However, whether the cost is $700 or $1400, the overall cost of the visitation plan exceeds both parties' ability to pay. While acknowledging the excessive cost of travel,

the trial court failed to consider the financial ability to pay. We deny the motion for rehearing on this ground.

On the second issue, we also deny the motion for rehearing, and we decline to recede from precedent. The attachment of the child support guidelines worksheet or the incorporation of the worksheet's calculations into the final judgment serves as an important starting point for future child support disputes. Without a final judgment establishing the amount of the parties' incomes for child support purposes, future modification is more difficult to adjudicate.

While we deny the motion for rehearing, we would note that going forward, this should no longer be an appellate issue in most cases. After our opinion was issued, the Supreme Court amended Florida Family Law Rule 12.530(a) to provide: "To preserve for appeal a challenge to the sufficiency of a trial court's findings in the final judgment, a party must raise that issue in a motion for rehearing under this rule." *In Re: Amends. to Fla. R. Civ. P. 1.530 & Fla. Fam. L. R. P. 12.530*, 346 So. 3d 1161, 1161 (Fla. 2022). Based on the amended rule, when a trial court fails to make findings of fact or attach a child support guidelines scoresheet to the final judgment, the parties must bring this deficiency to the attention of the trial court through a motion for rehearing where it can be easily corrected before an appeal. This should resolve the father's concern for wasting judicial resources on appeal.

*Denied.*

KLINGENSMITH, C.J., and CONNER, J., concur.

*    *    *

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***